UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID T. DAVIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:12-CV-594 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff's Petition for Award of Fees [Doc. 18] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff requests that the Court enter an Order awarding attorney fees in the amount of $16,000.00 under the EAJA. The Commissioner filed an objection [Doc. 23] to Plaintiff's request for attorney fees.

**I. BACKGROUND**

On March 22, 2013, Plaintiff filed a Motion for Summary Judgment and Memorandum in Support [Docs. 12, 13]. On April 22, 2013, the parties filed a joint motion [Doc. 13] asking the District Court to enter a judgment reversing the Commissioner's decision under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). United States Chief District Judge Thomas A. Varlan entered an Order [Doc. 14] on May 16, 2013, granting the parties' joint

1

motion, and a Judgment [Doc. 15] was entered by the Clerk of Court on the same day.

## II. POSITIONS OF THE PARTIES

Plaintiff requests [Doc. 19] a fee award in the amount of $16,000.00 for 101.2 hours of work performed. Plaintiff argues that although reimbursement of attorney fees in the amount of $16,000.00 "is considerably more than the amount requested by plaintiff's attorney in 'average' cases settled at a similar stage of the litigation process," the amount reflects the number of hours that were required of Plaintiff's attorney to litigate this case due to its complexity. [Id. at 2-3].

The Commissioner objects [Doc. 23] to the number of hours requested. Specifically, the Commissioner argues that the number of attorney hours spent reviewing the administrative record and conducting legal research and analysis is excessive for this case. [Id. at 4-5]. Although the Commissioner concedes that this case was somewhat more complex than an average Social Security disability case, the Commissioner maintains that the number of billable hours is excessive. [Id. at 4].

## III. ANALYSIS

Now before the Court is Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

    1. Plaintiff must be a prevailing party;

    2. The Commissioner's position must be without substantial justification;

    3. No special circumstances warranting denial of fees may exist; and

    4. The application for attorney fees must be filed within 30 days of

2

Case 3:12-cv-00594-TAV-CCS   Document 24   Filed 02/11/14   Page 2 of 12   PageID #: 256

the final judgment in the action.

See 28 U.S.C. § 2412(d)(1). The Court will first address whether all four conditions are met for an EAJA award, and then analyze whether the requested EAJA award is reasonable.

**A.     Plaintiff is the Prevailing Party**

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

**B.     The Commissioner's Position Was Without Substantial Justification**

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that she does not oppose an award for EAJA attorney fees, only the amount of hours requested. [Doc. 23]. The Commissioner has thereby conceded that her position in this matter was not substantially justified.

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

**C.     There are No Special Circumstances Affecting an Award of Attorney's Fees**

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been

3

met.

**D.     The Plaintiff's Request for an Award of Fees is Timely**

On June 6, 2013, the Plaintiff moved for a total fee amount of $16,000.00. [Doc. 18]. This motion included a proper application for fees and was filed within 30 days of the final judgment in this matter.

Thus, the Court finds that the fourth condition for granting fees under the EAJA has been met.

**E.     Reasonableness of EAJA Award**

Because Plaintiff has met the four conditions discussed above, the Court moves to the final consideration under 28 U.S.C. § 2412(d)– the application for attorney fees and costs. Plaintiff requests an award of fees for 101.2 hours at $173.00 per hour for 4.9 attorney work performed hours in 2012, $177.00 per hour for 93.9 attorney work performed hours in 2013, and $50.00 per hour for 2.4 paralegal hours.[1] [Doc. 19-2 at 7]. The Court will first address the number of billable hours claimed followed by the requested hourly rates.

*1.     Number of Hours Billed*

Plaintiff asserts that the number of hours requested is reasonable because the amount of time required to prepare Plaintiff's brief was greater than what is typically required in an average Social Security case. [Doc. at 2-3]. Plaintiff submits the following in support of his argument: Plaintiff's attorney did not represent him during administrative proceedings which began in 2004

---

[1] The total fee amount was originally calculated at $17,588.00, but was voluntarily reduced by Plaintiff and his counsel to $16,000.00. [Doc. 19-2 at 7].

4

and therefore his attorney had to familiarize himself with the record; the record was lengthy (844 pages), it contained extensive school and medical records, it was disorganized because it failed to provide a list of exhibits, and it did not contain all the relevant evidence; a considerable amount of legal and vocational research was required; Plaintiff's memorandum of law addressed multiple complex legal issues; and the amount of benefits in controversy exceeded $64,000.00. [Id. at 3-4]. Plaintiff's attorney submitted an itemized statement of services rendered which reflects 98.8 attorney hours and 2.4 paralegal hours were expended on this case. [Doc. 19-2 at 4-6].

The Commissioner argues that the number of billable hours is excessive for several reasons. [Doc. 23 at 2]. First, the Commissioner notes that 36.7 attorney hours were spent reviewing the administrative record. [Id. at 4]. Although the Commissioner concedes that the record was somewhat more complex compared to an average Social Security disability case due to its length and failure to include an exhibit list, the Commissioner argues that a claim for 36.7 hours in this respect is excessive. [Id.]. The Commissioner asserts that 26 of these hours were spent preparing a summary of exhibits, "a task more appropriately performed by a paralegal and therefore, not billable at an attorney rate but an appropriate paralegal rate." [Id.]. The Commissioner further submits that the administrative record was reviewed by two attorneys, an expense that would require the Government to pay for unnecessary and duplicative efforts. [Id.].

Secondly, the Commissioner notes that 47.7 attorney hours were spent conducting legal research and analysis. [Id.]. The Commissioner argues that Plaintiff's brief did not set forth novel or complex legal arguments so as to justify this amount of time. [Id.]. Moreover, the Commissioner contends that a reduction of billable hours is warranted due to Plaintiff's attorney being highly experienced in litigating Social Security disability cases. [Id. at 5].

The EAJA permits an award of only reasonable attorney's fees. See 28 U.S.C. §

5

2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of providing evidence against this reasonableness. See Blum v. Stenson, 465 U.S. 886, 897 (1984). The court is empowered to exclude from its calculation hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

Although there is no hard and fast rule for determining how many hours are hours "reasonably expended" in terms of awarding attorney's fees, see Glass v. Sec'y of Health & Human Servs., 822 F.2d 19, 21 (6th Cir. 1987) (noting that a "boiler-plate formula for fixing attorney's fees . . . does not comply with our requirement for individualized discretion"), the Sixth Circuit has previously noted that "the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours." Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 420 (6th Cir. 1990).

Here, accepting that 40 hours represents the high end of hours typically billed for a Social Security case, the Commissioner's contention that Plaintiff's attorneys spent 36.7 hours reviewing the administrative record and another 47.7 hours conducting legal research and analysis places Plaintiff in the least favorable light. On the other hand, the Court notes that the exact number of hours spent on these activities is somewhat unclear due to counsel's practice of aggregating time by listing multiple activities within individual time entries. For example, an entry on February 22, 2013, provides 3.5 attorney hours were spent on the following: "Reviewed evidence Draft Case History as initial part of Brief. Extensive review of Administrative Record.

6

Review & revise draft of Case history." [Doc. 19-2 at 5]. Another entry on February 28, 2013, provides 5.5 attorney hours were spent on: "Legal Research; review [administrative record], reviewed 1999 ALJ fully favorable decision; draft outline of Legal Memorandum." [Id. at 4]. Listing multiple activities within a single time entry makes it impossible for the Court to calculate the exact amount of time spent on each individual task.

Nonetheless, the Court accepts the Commissioner's characterization of counsel's billable hours for two reasons. First, when multiple tasks are "lumped" together under a single time entry, a court is unable to allocate a specific time to each of the listed tasks and is therefore "unable to determine the reasonableness of many of the hours expended." Cleveland Area Bd. of Realtors v. City of Euclid, 965 F. Supp. 1017, 1021 (N. D. Ohio 1997) (citing In re Olson, 884 F.2d 1415, 1428 (D. C. Cir.1989)). The Sixth Circuit has held that while an attorney is not required to document in "great detail" the time expended on a particular item, "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." Imwalle v. Reliance Med. Products, Inc., 515 F.3d 531, 553 (6th Cir. 2008) (citation omitted). Second, Plaintiff did not file a reply explaining the time entries or contesting the Commissioner's characterization of billable hours. Thus, the Court is left to accept the Commissioner's contention that 36.7 attorney hours were spent reviewing the administrative record and another 47.7 attorney hours spent conducting legal research and analysis.

Although Plaintiff's requested hours may seem excessive at first blush, the Court finds that this case presented unique issues that are not typical in average Social Security cases. Plaintiff was 13 years old when an ALJ awarded Plaintiff a child's supplemental security income

7

in 1999, which required a disability redetermination in 2004, when Plaintiff turned 18 years old. After Plaintiff turned 18, a State Agency determined that Plaintiff's disability had ceased. Plaintiff began administrative appeals in November 2005 and had a hearing before an ALJ in October 2007. The ALJ issued an unfavorable decision which was vacated and remanded back to the ALJ by the Appeals Council in February 2009. Another hearing was conducted before the ALJ in September 2010 and a supplemental hearing in February 2011. The ALJ issued an unfavorable decision again in April 2011. It was not until October 11, 2012, that the Appeals Council denied review of the ALJ's second unfavorable decision in this case, making the ALJ's determination the final decision of the Commissioner.

Plaintiff's attorney not only had to familiarize himself with a record that included extensive medical history and multiple administrative proceedings and decisions, counsel had to do so without the guidance of an exhibit list, a hardship conceded by the Commissioner. In light of the record's length, its lack of an exhibit list, the extensive medical history and time periods covered, and the multiple administrative proceedings and hearings conducted, the Court finds that 36.7 hours reviewing the administrative record, 26 hours of which were dedicated to creating a summary of the exhibits, was a reasonable amount of time to spent on this activity.

The Court takes issue, however, with these 26 hours being billed as attorney work performed hours. The Court agrees with the Commissioner that the task of creating a summary of the exhibits was a job more properly assigned to a paralegal at an appropriate paralegal rate. The Court finds that some of the hours are properly billable as attorney hours because counsel would have had to instruct and review the paralegal's work. In addition it would not have been unreasonable for an attorney to assist in this project given the nature of the task. Thus, of the 26 hours spent creating a summary of the exhibits, the Court recommends that 10 hours be

8

compensated as attorney time and the remaining 16 hours be compensated as paralegal time.

As to the 47.7 hours claimed for legal research and analysis, the Court finds this request excessive. An affidavit provided by Plaintiff's attorney demonstrates that he is a board certified specialist in Social Security Disability Advocacy and has been litigating social security cases for 35 years. After carefully reviewing Plaintiff's brief, the Court finds that while it is thorough, well-written, and cites multiple issues of error, it does not set forth novel legal issues that require extensive legal research, particularly when taking into account the impressive experience and expertise of counsel. Issues raised in Plaintiff's brief included the "treating physician rule" and Medical Listing 12.05C, issues commonly litigated in Social Security cases. Other issues addressed by Plaintiff, cited minimal or no legal analysis. Accordingly, the Court finds the number of hours expended on legal research and analysis is excessive and warrants a reduction of time.

A review of other EAJA fee applications in Social Security disability cases reveals the excessiveness of Plaintiff's request. See Crim v. Comm'r of Soc. Sec., No. 1:11-CV-137, 2013 WL 1063476 (S. D. Ohio Mar. 14, 2013) adopted by, No. 1:11CV137, 2013 WL 3367337 (S. D. Ohio July 5, 2013) (reducing claim for 64.8 hours to 40 hours and noting that despite the administrative record weighing in at 878 pages, the errors raised by counsel were common and routine); Gillem v. Astrue, No. 06-6184, 2008 WL 1925302, at *2 (D. N. J. Apr. 30, 2008) (reducing claim for 106.25 hours to 62 hours and noting that "the hours claimed certainly denote inefficiencies atypical of a case handled by such experienced counsel"); Caldwell ex rel. Y.B.K. v. Astrue, 518 F. Supp. 2d 777, 780 (D. S. C. 2007) (holding that 12.3 hours spent performing legal research was reasonable in a disability case that presented somewhat unusual issues).

Although Plaintiff is entitled to compensation for work performed by his attorney, "[i]t

9

does not follow that the amount of time actually expended is the amount of time reasonably expended." Copeland v. Marshall, 641 F.2d 880, 891 (D. C. Cir. 1980) (en banc)). Based upon counsel's expertise and seasoned experience, the lack of novel legal issues raised, and the case law cited above, the Court finds compensation of 24 hours for legal research and analysis to be reasonable for this case.

Accordingly, the Court recommends that Plaintiff's request for billable hours be reduced to 59.1[2] attorney work performed hours and 18.4[3] paralegal work performed hours, for a total of 77.5 hours.

### 2. *Hourly Rates*

The Court now turns to the reasonableness of Plaintiff's requested billing rate. The Commissioner does not object to Plaintiff's requested attorney hourly rate of $173.00 in 2012 and $177.00 in 2013. [Doc. 23 at 3 n.3].

Under the EAJA, the amount of fees awarded

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per

---

[2] This total represents 20.7 hours for reviewing the administrative record and creating a summary of the exhibits, 24 hours for legal research, and an additional 14.4 hours that Plaintiff's counsel billed that was not contested by the Commissioner.

[3] This total represents the original 2.4 paralegal hours requested by Plaintiff's counsel in addition to the 16 hours the Court has converted from attorney worked performed hours for creating a summary of the exhibits.

10

hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The Department of Labor's Consumer Price Index, alone, is not sufficient to support an increase in fees. Id.

In support of his motion, Plaintiff provides a Consumer Price Index table of the appropriate amount of increase, and a detailed guided calculus of how he reached his requested hourly rates using the Consumer Price Index table and the EAJA formula set forth in Cook v. Barnhart, 246 F.Supp.2d 908, 910 (E.D. Tenn. 2003). [Doc. 19-2 at 7-8]. Plaintiff also filed an affidavit by his attorney which detailed counsel's work experience and certification as a specialist in Social Security Disability Advocacy. [Id. at 1-3]. In addition, counsel personally attested to the normal range of fees charged by other attorneys in his area who share similar experience and skills as the attorneys who worked on Plaintiff's case, and submitted an itemized statement detailing the hours spent working on this case. [Id. at 1, 4-6].

The Court finds that Plaintiff has presented sufficient evidence that the requested rates are comparable to those prevailing in his community for attorneys providing similar services. Accordingly, Plaintiff has met his burden of producing evidence to support the requested increase in fees.

Therefore, the Court finds that the requested rate of $173.00 per hour in 2012 and $177.00 per hour in 2013 should be applied in this case. The fee award should be calculated as follows: $173/hour for 4.9 attorney work performed hours in 2012 plus $177/hour for 54.2 attorney work perform hours in 2013 plus $50.00/hour for 18.4 paralegal work performed hours. See Branson v. Astrue, No. 3:07-CV-041, 2008 WL 2498111, at *2 (E.D. Tenn. June 17, 2008)

(setting the paralegal's rate at $50.00 per hour). Thus, the Court recommends Plaintiff be awarded $11,361.10.

IV.     CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Petition for Award of Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) **[Doc. 18]** be **GRANTED in part**, and a judgment awarding Plaintiff the amount of $11,361.10 in EAJA fees be entered.

                                              Respectfully submitted,

                                              s/ C. Clifford Shirley, Jr.
                                              United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).